UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN BERMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICROCHIP TECHNOLOGY INCORPORATED, et al.,<br><br>Defendants. | Case No. 17-cv-01864-HSG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 99 |

Plaintiffs Robin Berman, Bo Kang, Khashayar Mirfakhraei, Thang Van Vu, Donna Viera-Castillo, Girish Ramesh, Patrick Hanley, Ilana Shternshain, and Mandy Schwarz are former employees of Microchip Technology, Inc. and Atmel Corp., as well as participants in the Atmel U.S. Severance Guarantee Benefit Program ("Atmel Plan"). Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Dkt. No. 1 ¶ 13.

On March 22, 2019, the Court granted Plaintiffs' motion for partial summary judgment. *See* Dkt. No. 95. The Court concluded that (1) Plaintiffs were entitled to severance benefits under ERISA § 502(a)(1)(B); and (2) Defendants were liable for breach of fiduciary duty under ERISA § 502(a)(3). *See id.* at 9–13. The Court did not, however, assess what damages Plaintiffs may be entitled to as a result of its ruling regarding liability. *Id.* at 14.

Now pending before the Court is Plaintiffs' motion for summary judgment related to the amount of damages and prejudgment interest Plaintiffs are owed. *See* Dkt. No. 99. For the reasons detailed below, the Court **DENIES** Plaintiffs' motion for summary judgment.

//

//

## I. BACKGROUND

Following the Court's order granting Plaintiffs' partial motion for summary judgment, the parties have agreed on the total dollar amount Defendants owe to each Plaintiff under the terms of the Atmel Plan, for a total of $629,061.36. *See* Dkt. No. 100 at 3.

| Plaintiff | Termination Date | Stipulated Severance Benefits |
|---|---|---|
| Robin Berman | April 6, 2016 | $57,984.94 |
| Tom Vu | April 6, 2016 | $63,390.59 |
| Donna Vierra-Castillo | April 6, 2016 | $67,177.98 |
| Khashayar Mirfakhraei | April 6, 2016 | $79,591.28 |
| Bo Kang | April 12, 2016 | $76,454.88 |
| Girish Ramesh | May 20, 2016 | $84,349.18 |
| Patrick Hanley | June 10, 2016 | $63,658.35 |
| Mandy Schwarz | June 28, 2016 | $72,286.25 |
| Ilana Shternshain | July 12, 2016 | $59,167.91 |

Based on Defendants' breach of fiduciary duty, Plaintiffs also seek a ten percent per annum equitable surcharge on top of these stipulated benefit amounts to make Plaintiffs whole. *See id.* at 4–6. Alternatively, Plaintiffs seek an award of prejudgment interest at the same ten percent annual rate, again as a "make-whole remedy." *Id.* at 8.

## II. LEGAL STANDARD

Under ERISA § 502(a)(3), a plan participant or beneficiary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (emphasis added). Appropriate equitable relief under ERISA may include reformation of the terms of the plan, equitable estoppel, or surcharge. *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955–58 (9th Cir. 2014). Although plaintiffs may pursue simultaneous claims under both Sections

2

502(a)(1)(B) and 502(a)(3), they may not obtain double recovery. *See Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 961–62 (9th Cir. 2016).

Additionally, "[a] district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co.*, 486 F.3d 620, 627–28 (9th Cir. 2007). In these circumstances, "[p]rejudgment interest is an element of compensation, not a penalty." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). Thus, prejudgment interest should compensate plaintiffs for the losses incurred as a result of the nonpayment of benefits. *Id.* "[P]re-judgment interest is intended to cover the lost investment potential of funds to which the plaintiff was entitled, from the time of entitlement to the date of judgment." *Nelson v. EG & G Energy Measurements Grp., Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994).

## III. DISCUSSION

Following the Court's March 2019 order finding Defendants liable for the unpaid severance benefits, Plaintiffs now seek summary judgment as to their request for an additional ten percent per annum, calculated from their dates of termination, on top of the stipulated unpaid severance benefits. *See* Dkt. Nos. 99, 100. Plaintiffs cast this additional ten percent as either (1) an equitable surcharge; or (2) prejudgment interest for the lost value of their benefits. *See* Dkt. No. 100 at 4–13.

### A. Equitable Surcharge

Plaintiffs assert that an equitable surcharge is appropriate—and indeed necessary—to make Plaintiffs whole where, as here, the plan administrator breached her fiduciary duty by denying Plaintiffs their severance benefits. *See* Dkt. No. 100 at 4–6; *see also* Dkt. No. 95 at 12–13. In short, Plaintiffs explain that the severance benefits are insufficient on their own to make Plaintiffs whole because Plaintiffs suffered distinct economic harm as a result of the delay in payment: had Plaintiffs timely received their severance benefits, they could have invested or otherwise used these funds. *See* Dkt. No. 99 at 11; Dkt. No. 106 at 2–3. Plaintiffs concede that they have not provided any particularized evidence showing how they would have used their severance benefits, and instead ask the Court to exercise its discretion to fashion an appropriate surcharge award. *See*

3

Dkt. No. 106 at 3. To guide the Court and justify their requested ten percent rate, Plaintiffs cite three U.S. stock market indices as well as the value of Defendant's own stock over the past three years. *See* Dkt. No. 100 at 5–6.

Under ERISA, a surcharge is intended as "'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Gabriel*, 773 F.3d at 957 (quoting *Cigna Corp. v. Amara*, 563 U.S. 421, 441–42 (2011)). Accordingly, "to obtain relief by surcharge for a breach of the ERISA trustee's duties, a plan participant or beneficiary must show that the violation injured him or her, but need only show harm and causation, not detrimental reliance." *Id.* at 957–58 (quotation omitted). The Supreme Court has further clarified that a surcharge requires "a showing of actual harm—proved (under the default rule for civil cases) by a preponderance of the evidence." *Cigna*, 563 at 444.

Plaintiffs assert, without any legal support, that they do not need to provide any evidence of the actual nature or amount of harm they suffered. *See* Dkt. No. 100 at 4–5. In other words, Plaintiffs suggest that the time value of money alone warrants their requested surcharge. *See* Dkt. No. 106 at 2. The Court has not found any case standing for such a sweeping proposition. Indeed, Plaintiffs have not cited a single case in which a court awarded an equitable surcharge based solely on the denial of—and therefore delay in providing—benefits. Rather, Plaintiffs cite *Donovan v. Bierwirth*, in which plan trustees were high-ranking officials in a corporation who purchased stock in their corporation with plan funds to defeat a tender offer. 754 F.2d 1049, 1051 (2d Cir. 1985). When the tender offer failed, the stock price dropped significantly. *Id.* The Second Circuit held that, when measuring damages, the district court should consider the profits the plan would have earned if the trustees had invested in other plan assets. *Id.* at 1056–58; *accord Chesemore v. Alliance Holdings, Inc.*, 948 F. Supp. 2d 928, 940–48 (W.D. Wis. 2013), *as amended*, No. 09-CV-413-WMC, 2013 WL 6989526 (W.D. Wis. Oct. 16, 2013); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, 842 F. Supp. 2d 614, 655 (S.D.N.Y. 2012). The court never suggested, however, that calculating the resulting damages award did not require concrete and specific evidence. *Id.*

To the extent Plaintiffs nevertheless ask the Court to exercise its discretion in this case, the

4

Court declines to award an equitable surcharge based on a series of suppositions: *first*, that Plaintiffs would have invested their severance benefits; and *second*, that the stock market performance, or Defendant's stock performance, is an adequate proxy for the return that Plaintiffs would have received had they invested those funds. Plaintiffs have simply failed to provide any evidence that would permit the Court to assess an equitable surcharge award under the circumstances. The Court therefore **DENIES** Plaintiffs' motion for summary judgment.[1]

### B. Prejudgment Interest

In the alternative, Plaintiffs request prejudgment interest at the rate of ten percent. Dkt. No. 100 at 6–13. Defendants concede that the Court's order granting partial summary judgment would justify an award of prejudgment interest. *See* Dkt. No. 104 at 1, 3, n. 2. However, Defendants state that any award should be based on the default interest rate under 28 U.S.C. § 1961(a). *Id.* at 6–8. The Court agrees that there is no evidence before it to warrant a deviation from this default rate.

The Ninth Circuit has explained that "[g]enerally, the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Blankenship*, 486 F.3d at 628 (quotation omitted). Section 1961(a), in turn, states that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . ." 28 U.S.C. § 1961(a).

As with their request for an equitable surcharge, Plaintiffs contend that a ten percent rate is necessary as a matter of fairness to compensate them for the delay in the payment of their severance benefits. Dkt. No. 100 at 6–7. Although Plaintiffs list the ways in which Defendant delayed payment, *see id.* at 8–10, they do not detail the amount of harm Plaintiffs suffered from

---

[1] On May 24, 2019, Plaintiffs filed a request for judicial notice in support of its motion for summary judgment. Dkt. No. 102. These included closing prices for the Standard & Poor's 500, NASDAQ, and the Dow Jones Industrial Average stock indices; Defendant's closing stock price; and the one-year U.S. Treasury bill rate. *Id.* Because the documents do not inform the Court's analysis, Plaintiffs' request for judicial notice is **DENIED AS MOOT**.

this delay. Plaintiffs assert instead that they do not have to "prove what their personal investment decisions would actually have been if they had received their benefits, or what the defendant actually earned from its own investments." *Id.* at 13. Yet Plaintiffs' assertion, even if true, that "the stock market has experienced enormous growth," *id.* at 11, is simply not enough on its own to justify departing from the interest rate in § 1961(a).

Where courts have awarded higher prejudgment interest rates, they have done so based on specific evidence regarding the equities of the case. In *Blankenship*, for example, the Ninth Circuit affirmed the district court awarding a ten percent rate in light of the plaintiff's evidence that due to the nonpayment of benefits, the plaintiff relied on his own personal funds, which he would have otherwise invested in a specific mutual fund, and that the specific mutual fund had a consistent ten percent return. *Blankenship*, 486 F.3d at 628; *see also Bosley v. Metro. Life Ins. Co.*, No. C 16-00139 WHA, 2017 WL 4071346, at *3 (N.D. Cal. Sept. 14, 2017) (relying on declaration detailing plaintiff's resulting financial difficulties, including move to Missouri for more affordable housing when awarding higher prejudgment interest rate).

The Court finds that Plaintiffs have not provided evidence warranting a departure from the interest rate prescribed in 28 U.S.C. § 1961, and therefore **DENIES** their request for a ten percent prejudgment interest award.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' motion for summary judgment for an equitable surcharge. The Court similarly **DENIES** Plaintiffs' alternative request for a ten percent prejudgment interest rate.

The parties are further **ORDERED** to file a short statement by September 13, 2019, informing the Court how the parties intend to proceed with any remaining issues in this action and their anticipated case schedule.

**IT IS SO ORDERED.**

Dated: 9/3/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

6